IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARIEL VELÁZQUEZ MEJÍAS,<br><br>**Plaintiff**<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al.,<br><br>**Defendant(s)** | CIVIL NO. 10-1515 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 Complaint. (Docket No. 13). For the reasons set forth, the Court **GRANTS** Defendants' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 10, 2010 Plaintiff Ariel Velázquez Mejías ("Velázquez") filed a 42 U.S.C. § 1983 complaint for violation of his Civil Rights against Gladys Velázquez Galarza ("Galarza"), Carlos Rios ("Rios"), Rafael Franco ("Franco"), the Parole Board of the Commonwealth of Puerto Rico, the Corrections Administration ("C.A.") and the Commonwealth of Puerto Rico ("Commonwealth"). (Docket No. 3). Velázquez, a detainee at a

correctional facility administered by the C.A., seeks money damages for injuries suffered as a result of Defendants' failure to correct errors in the computation of Plaintiff's Sentence Liquidation Sheet.

Plaintiff alleges that on September 18, 2009, after receiving a Sentence Liquidation Sheet, he noticed an error in the computation and brought it to the attention of codefendant Gladys Velázquez Galarza, Record Technician at the C.A. After Galarza refused to correct the error, Plaintiff filed various administrative remedies which were denied by codefendant Carlos Rios, also Record Technician at the C.A. Plaintiff then sought review with the Administrative Remedies division of the C.A., but was also denied relief.

Plaintiff then filed a Writ of Habeas Corpus in the Puerto Rico Court of First Instance. Sentencing Judge Rafael Taboas Dávila ordered the Sentence Liquidation Sheet to be corrected, and scheduled a hearing on February 23, 2010 with the purpose of ensuring the correction was made. Rafael Franco, on behalf of the Administration of Corrections and Rehabilitation, referred the case to the Parole Board of the Commonwealth of Puerto Rico. Nonetheless, the record does not reflect whether any action was taken in the end.

Plaintiff Velázquez alleges he has suffered damages in the amount of $150,000.00 due to delays in his case and the fact that the error in the Sentence Liquidation Sheet remains. However, after careful review, this Court finds it is unable to entertain whatever claim he may have against Defendants.

**STANDARD OF REVIEW**

Motion to Dismiss Standard of Review

In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559). While Twombly does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court recently upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of the plaintiff's pleadings when evaluating whether a complaint

can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. See id. at 1949. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. See id. A claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. See id. at 1949, 1952. Such inferences must be more than a sheer possibility and at least as plausible as any obvious alternative explanation. See id. at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. See id. at 1950.

Because Plaintiff appears pro se, the Court reads his complaint generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court recognizes that pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, "even a pro se complaint must plead 'factual matter' that permits the Court to infer 'more than the mere possibility of misconduct.'" Atherton v. District of Columbia office of Mayor, 2009 WL 1515373, at *6 (D.C. Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1950).

## DISCUSSION

The Eleventh Amendment "prohibit[s federal courts] from hearing most suits brought against a state by citizens of that or any other state." Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935, 938 (1st Cir. 1993). "[D]espite the absence of any express reference," the Eleventh Amendment "pertains to Puerto Rico in the same manner, and to the same extent, as if Puerto Rico were a State." De Leon Lopez v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).

"[T]he government enjoys broad protection through the operation of the sovereign immunity doctrine." Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). Often, a suit against a

state official is considered a suit against the state, which triggers Eleventh Amendment immunity. See Asociación De Subscripción Conjunta Del Seguro De Responsabilidad Obligatorio v. Flores Galarza, 484 F.3d 1, 24 (1st Cir. 2007). Consequently, when Plaintiff brings a suit against a Puerto Rico state official in his personal capacity rather than against the Commonwealth of Puerto Rico itself, the Court must ascertain whether the suit in reality is a suit against the Commonwealth of Puerto Rico. See Muirhead, 427 F.3d at 18.

This analysis examines the conduct challenged and the relief sought. See Muirhead, 427 F.3d at 18. When the actions of an officer do not conflict with the terms of his valid statutory authority, they are considered actions of the sovereign, which are protected by the Eleventh Amendment.[1] See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 695 (1949). Furthermore, when the relief sought "would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act" the suit will be

---

[1] The doctrine of sovereign immunity does not apply when an officer's power is limited by statute and his actions go beyond those limitations. Id. at 689; see also Muirhead, 427 F.3d at 19.

considered one against the sovereign. Dugan v. Rank, 372 U.S. 609, 620 (1963) (citations omitted).

The Eleventh Amendment does not apply in a suit against an officer to recover damages for the agent's personal actions, because the judgment sought will not require action by the sovereign or disturb the sovereign's property. See Larson, 337 U.S. at 687.[2] As such, the sovereign immunity doctrine does not bar personal-capacity suits against state officials because "it is clear that a suit against a government official in his or her personal capacity cannot lead to imposition of fee liability upon the governmental entity." Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, a citizen may seek monetary damages against a state officer for acts done under color of law, but only if the officer is sued in his or her individual capacity. See id.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky, 473 U.S. at 165. "[T]o establish personal liability in a section 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Id. at 166.

---

[2] "If the officer purports to act as an individual and not as an official, a suit directed against that action is not a suit against the sovereign." Larson, 337 U.S. at 689.

Given that Velázquez's claim against the C.A., the Parole Board, and the Commonwealth is directed against the State itself, he is barred, under the Eleventh Amendment, from recovering money damages. See Metcalf, 991 F.2d at 938. Plaintiff seeks damages that would require expenditure from the public treasury, which is also prohibited by the Eleventh Amendment. See Dugan, 372 U.S. at 620.

Moreover, Velázquez's claim against Galarza, Rios and Franco, its validity disregarded, cannot be vindicated by this Court, for it would also require payment of monies from the public treasury, and would thus be considered a suit against the state. See Dugan, 372 U.S. at 620. Whether Plaintiff brings suit against the aforementioned in their individual or official capacity has not been made clear; more importantly, Plaintiff fails to assert how Galarza, Rios and Franco's specific acts or omissions, while acting under color of state law, have conflicted with their duties as officials and violated his civil rights. See Larson, 337 U.S. at 695.

Despite the fact that Velázquez's allegations are interpreted liberally in accordance with Haines v. Kerner, 404 U.S. 519 (1972), this Court finds Plaintiff has not met the pleading standard and, therefore, cannot be awarded the damages sought.

**CONCLUSION**

For the reasons stated above, the Court hereby **GRANTS** Defendants' Motion to Dismiss.  Plaintiff's claims are dismissed without prejudice.[1]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th of July, 2011.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[1] This Court does not address Defendants' claim regarding Plaintiff's failure to exhaust all administrative remedies according to the Prison Reform Litigation Act of 1995, 110 Stat. 1321, because even if Plaintiff had done so, his claims are barred by the Eleventh Amendment and cannot be entertained due to the reasons stated in this opinion. Should Plaintiff amend or refile his complaint, he must satisfy these exhaustion requirements and show the Court that they have been satisfied. Failure to do so may result in dismissal of his claims.